336

(No. 399—Decided November 3, 1965.)

*Mr. Herbert Porter, in propria persona.*

*Mr. James W. Freeman,* prosecuting attorney, for appellee.

*Per Curiam.* This appeal on questions of law involves questions arising under the new Postconviction Determination of Constitutional Rights Act, Sections 2953.21 to 2953.24, inclusive, Revised Code, effective July 21, 1965.

A prisoner in Marion Correctional Institution serving a sentence imposed by the Court of Common Pleas of Coshocton County filed a verified petition in that court claiming a right to be released on the ground that there was such a denial or infringement of his constitutional rights, state and federal, as to render his conviction void or voidable.

Section 2953.21, Revised Code, provides in pertinent part:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

"Unless the petition and the files and the records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.

"If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment

void or voidable under the Ohio Constitution or the Constitution of the United States, it shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. Cost shall be taxed as in habeas corpus proceedings.''

Petitioner's stated grounds relied upon for relief were in substance: (1) That he was not advised of his right to have court-appointed counsel for his defense; (2) no pre-indictment affidavit charging the first four counts; (3) *the first four counts of the indictment do not charge a violation of the statute, Section 2907.10, Revised Code,* ''in that the charges do not specify the most essential elements—unlawfully, maliciously and forcibly''; and (4) *the fifth count of the indictment does not charge a violation of the statute, Section 2907.15, Revised Code,* in that ''it does not contain the essential elements—unlawfully and maliciously.''

The trial court filed a decision which we quote in pertinent part:

''The document, which petitioner has labeled a petition, alleges that in 1954 he pleaded guilty to four counts of breaking and entering in the night season and one count of breaking and entering in the daytime for which he was sentenced to serve 1 to 15 years on each of the first four counts and 1 to 5 years on the fifth count, the sentences to be served concurrently. The files and records show that this was in case number 4999. The entry in this case, so far as pertinent, reads: 'The indictment was read in open court to the said defendant and thereafter his constitutional and statutory rights were fully explained to him by the court. The defendant declined counsel and upon being inquired of as to his plea to each of the five counts contained in said indictment, answered that he was guilty on each and every count as charged.'

''Since the court 'fully explained' to petitioner his constitutional rights, it is apparent petitioner's right to counsel was explained. That the court did not overlook explaining petitioner's right to counsel is apparent, for immediately after the full explanation the entry recites that petitioner 'declined counsel.' The court is therefore satisfied that the prisoner is entitled to no relief.''

The decision was followed by this journal entry:

"This cause coming on for hearing on the petition of Herbert Porter, a prisoner at Marion Correctional Institution, seeking vacation of his sentence on five counts, the court finds that the petition and the files and records of the case satisfactorily show that the prisoner is entitled to no relief. It is therefore considered that the petition be dismissed at petitioner's costs."

The decision affirmatively shows that the court considered and passed upon petitioner's stated ground for relief (1) *only*. No mention is made of stated grounds relied upon for relief (2), (3) and (4) in the petition. Apparently the court did not consider or pass upon such stated grounds relied upon for relief (2), (3) and (4) or determine the issues thereon.

Stated grounds relied upon for relief (2), (3) and (4) are of prime materiality. They deserve careful scrutiny by the court in the light of *State* v. *Cimpritz*, 158 Ohio St. 490, and *State* v. *Wozniak*, 172 Ohio St. 517.

Such stated grounds relied upon for relief (2), (3) and (4) raise issues which, in our opinion, entitle the prisoner to a prompt hearing thereon. The indictment is certainly a part of the record of the case and must be considered at that hearing. The indictment does not contain, in any count thereof, the words "unlawfully" or "maliciously" or "forcibly."

The finding of the court, that "the petition and the files and the records of the case satisfactorily show that the prisoner is entitled to no relief," is contrary to law, constituted an abuse of discretion, and constituted error prejudicial to the prisoner.

This petitioning prisoner is, in our opinion, entitled to appointment of counsel under Section 2953.24, Revised Code.

It is, therefore, ordered that this cause be remanded to the Common Pleas Court for a prompt hearing, appointment of counsel for the prisoner, and determination of all the issues.

The judgment denying relief to the petitioning prisoner is vacated, and this cause is remanded to the Court of Common Pleas of Coshocton County for further proceedings according to law.

*Judgment accordingly.*

RUTHERFORD, P. J., McLAUGHLIN and VAN NOSTRAN, JJ., concur.